DAN M. LEE, Presiding Justice,
dissenting:
Although Mary Frances Yager was not his “legal wife” at the time of M.L. Yager’s death, she is his “surviving spouse” as defined by Section 71-3-3(n) of the Mississippi Workers’ Compensation Act (“Act”). Therefore, she is entitled to the benefits afforded a “surviving spouse” pursuant to the Act.
However, in denying her the benefits provided by the Act, the majority strains to ignore the fact that Mary satisfies the Act’s statutory “surviving spouse” criteria. Accordingly, I respectfully dissent.
Under the provisions of Section 71-3-25 of the Act, a death benefit is payable to a surviving spouse. The phrase “surviving spouse” is defined by the Act as follows:
The term “surviving spouse” includes the decedent’s legal wife or husband, living with him or her dependent for support upon him or her at the time of death or living apart for justifiable cause or by reason of desertion at such time, provided, however, such separation had not existed for more than three (3) years without an award for separate maintenance or alimony or the fifing of a suit for separate maintenance or alimony in the proper court in this state. The term “surviving spouse” shall likewise include one not a legal wife or husband but who had entered into a ceremonial marriage with the decedent at least one (1) year prior to death and who, on the date of the decedent’s death, stood in the relationship of a wife or husband, provided there was no living legal spouse who had protected her or his rights for support by affirmative action as hereinabove required. The term “surviving spouse” as contemplated in this chapter shall not apply to any person *1270 who has, since his or her separation from ’ decedent, entered into a ceremonial marriage or lived in open adultery with another.
Miss.Code Ann. § 71-3-3(n) (1989) (emphasis added).
From a plain reading of the statute, it is evident that the legislature intended that the concept of “surviving spouse” be expansive and include more than the simple definition of a “legal wife or husband”. Those two phrases are not synonymous, nor were they intended to be construed as identical or redundant. Nevertheless, the majority’s opinion would merge the two concepts into one, contravening apparent legislative intent.
I do not say that, at the time of M.L. Yager’s death, Mary was his legal wife. But, “[t]he term “surviving spouse” shall likewise include one not a legal wife” if certain prerequisites are met. It is abundantly clear, from the facts in the case sub judice, that Mary’s circumstances meets those conditions and, therefore, she falls within the definition of the surviving spouse of M.L. Yager, as defined by the applicable statute.
According to Miss.Code Ann. § 71-3-3(n) (1989), a woman who is not a “legal wife” may nonetheless be considered a surviving spouse if she:
(1) entered into a prior ceremonial marriage with the decedent at least one (1) years prior to death; and
(2) stood in the relationship of the decedent’s wife on the date of his death.
Miss.Code Ann. § 71-3-3(n) (1989).
Applying the aforementioned imperatives to the ease sub judice, one conclusion can be drawn — Mary is a “surviving spouse.” The dispositive facts are not even assailed by the majority.
First, Mary and M.L. Yager entered into a ceremonial marriage in 1954. Since the year 1954 is at least one (1) year prior to the death of M.L. Yager, the first statutory requirement is satisfied. Second, as readily conceded by the majority, four or five months after their marriage ended, Mary and M.L. Yager resumed cohabitation and continued the marriage relation. That point is well demonstrated by the majority opinion, which states, “[mjany of the indicia of marriage were present. The lived together, filed joint tax returns, Mary listed M.L. as her husband on her insurance at her job and collected life insurance as his beneficiary .... Each contributed to the rent on the house where they were living and the other living expenses.” The indicia of marriage illuminated by the majority define and satisfy the second condition of standing in the “relationship” as husband or wife.
The history of the relationship between Mary and M.L. Yager provides the elements which, insofar as Mary’s status under the Workers’ Compensation Act is concerned, satisfy the statutory definition of a surviving spouse who was not a legal wife. Consequently, Mary is a statutory “surviving spouse” of M.L. Yager. That is not to say that Mary would or should be considered a surviving spouse for other purposes, but, in the case sub judice, we analyze her status under the Workers’ Compensation Act.
Accordingly, I would reverse the decision of the lower court. Under the facts of the case sub judice, to do otherwise only thwarts the beneficent purposes of the Workers’ Compensation Act.
BANKS, McRAE and JAMES L. ROBERTS, Jr., JJ., join this opinion.